CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:09CR00015-002 |
| | ) | (CASE NO. 7:13CV80619) |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| OSCAR DANILO VASQUEZ, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Oscar Danilo Vasquez, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon consideration of the defendant's submissions and the record, however, the court concludes that the action must be summarily dismissed as untimely filed.[1]

## I

Vasquez pleaded guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B). This charge subjected him to a mandatory minimum sentence of five years in prison. Under the plea agreement, among other things, Vasquez agreed that he would be held accountable for more than five, but less than fifteen kilograms of methamphetamine and would waive his opportunity to appeal or file a § 2255 motion. In exchange, the government moved for dismissal of other charges against Vasquez,[2] agreed to recommend an offense level reduction for

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

[2] If Vasquez had rejected the plea agreement and had been convicted at trial on all charges, he would have faced a guideline custody range of 235 to 293 months in prison.

acceptance of responsibility and a sentence at the low end of the applicable guideline range, and agreed to consider him for a substantial assistance motion.

The presentence report found that, based on between five and fifteen kilograms, Vasquez's base offense level under the advisory guidelines was 36. The defendant put on evidence in which he asked the court to conclude that the attributable drug weight was 1.5 kilograms and less than 5 kilograms, decline an enhancement for reckless endangerment, and apply the safety valve provision. The court found that the evidence supported the endangerment enhancement, bringing the offense level to 38, but sustained the defendant's objection to the drug weight calculation and applied the safety valve, reducing the offense level by four to 34. See 18 U.S.C. § 3553(f). With a further three-level reduction for acceptance of responsibility, the total offense level was 31. With a criminal history category I, Vasquez then faced an advisory guideline range of 108 to 135 months. Although the government recommended a low end sentence, the court found a mid-range sentence to be appropriate, based on his endangerment of his children and law enforcement officers at the time of his arrest and the large amount of drugs involved in the case. Therefore, the court sentenced him to 125 months in prison and entered judgment against him on November 9, 2009.[3] Vasquez did not appeal.

Vasquez signed and dated his § 2255 motion on July 29, 2013, and the court docketed it on August 2, 2013. He challenges the length of his confinement based on a recent Supreme Court decision, Alleyne v. United States, __ U.S.__, 133 S. Ct. 2151 (2013) (finding that facts which increase mandatory minimum are elements of the offense). Because the court, rather than a jury, determined the drug weight to be used in calculating his sentence and sentenced him to

---

[3] In February 2011, the court granted the government's motion under Rule 35(b) of the Federal Rules of Criminal Procedure and entered an amended judgment, reducing Vasquez's sentence to 101 months in prison. The § 2255 motion, however, expressly challenges the validity of his original sentence.

more than the statutory mandatory minimum based on that judicial fact finding, Vasquez asks to be resentenced in light of Alleyne.

The court notified Vasquez that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness or the action might be dismissed as time barred. Vasquez has responded with additional facts and argument on the issue of timeliness. He asserts that the Alleyne ruling constitutes a "new watershed rule of criminal procedure" that must apply retroactively to cases on collateral review, as required to make his claim timely under § 2255(f)(3).

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the

defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, the court entered judgment against Vasquez on November 9, 2009. Because he did not appeal the judgment, his conviction became final on November 23, 2009, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (former version). He then had one year – until November 10, 2010 – in which to file a timely § 2255 motion. As he filed his § 2255 motion, at the earliest, on July 29, 2013, his motion is untimely under § 2255(f)(1).

As stated, Vasquez asserts that his motion is timely under § 2255(f)(3), because he filed it within one year of the Alleyne decision. In Alleyne, the district court found, by a preponderance of the evidence, that the defendant "brandished" a firearm, subjecting him to a seven-year mandatory sentence under 18 U.S.C. § 924(c)(l)(A)(ii), despite the jury's finding that the defendant merely used or carried a firearm, which would have subjected him to a five-year mandatory sentence. The issue before the Supreme Court was whether the finding of brandishing was an element of the 924(c) count which had to be submitted to the jury and found beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2163-64. The Supreme Court answered this question in the affirmative. Id. The Court overruled its decision in Harris v. United States, 536 U.S. 545 (2002), and held that any fact which subjects the defendant to a higher mandatory minimum sentence must either by admitted by the defendant or found by the jury beyond a reasonable doubt.

The Alleyne ruling offers Vasquez no ground for relief. He pleaded guilty to facts subjecting him to a five-year mandatory minimum sentence and a forty-year statutory maximum sentence. Calculation of his sentence was not affected by the mandatory minimum, however, once the court determined that he satisfied the safety valve requirements of 18 U.S.C. § 3553(f).

The facts the court found at sentencing merely determined the appropriate custody range under the advisory guidelines. Accordingly, Vasquez has no claim under Alleyne.

For the same reason, Alleyne cannot provide a basis to calculate the statutory filing period for Vasquez's motion under § 2255(f)(3). Vasquez also fails to state facts on which he is entitled to calculation of the filing period under § 2255(f)(2) (governmental impediment) or (f)(4) (new facts), or on which equitable tolling of the period is warranted. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing timely habeas action).

For the reasons stated, the court concludes that Vasquez's § 2255 motion must be dismissed as untimely filed and without merit. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 26th day of September, 2013.

_____
Chief United States District Judge